UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jacob L. Guenther,<br>Plaintiff,<br><br>v.<br><br>W International SC, LLC<br>Defendant. | CASE NO.: 2:24-cv-03847-RMG-MHC<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

**JURISDICTION AND VENUE**

1. This suit is brought, and jurisdiction lies pursuant to §107 (a) of the Americans with Disabilities Act (42 U.S.C. §12117) (hereinafter "ADA"), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5.

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

    a. A charge of employment discrimination on the basis of disability discrimination and retaliation was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

    b. Notice of the Right to Sue was received from EEOC on or about April 16, 2024.

    c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

4. The Plaintiff, Jacob L. Guenther, is a citizen and resident of Charleston County, South Carolina.

5. The Defendant, W International SC, LLC, is upon information and belief, is a domestic corporation operating under the laws of the State of South Carolina and does business in Berkeley County.

6. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

7. Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of §101(5) (a) of the ADA U.S.C. §12111 (5) (A).

10. The parties, subject matter and all things and matters hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

11. On or about October 30, 2022, Plaintiff began working for the Defendant as a Welding Student, and most recently as a Welder I. Plaintiff was efficient and effective in his work.

12. Upon hire the Plaintiff informed his supervisor, Jeremy Burton, that he was diagnosed with ADHD, PTSD, high cholesterol, and high blood pressure. Plaintiff requested accommodations which were granted.

13. On or about May 11, 2023, Plaintiff was discriminated against on the basis of his disability when he reported a co-worker for using a marijuana vape pen at work. Subsequently, Plaintiff was sent home prior to the start of his shift and required to submit to a blood pressure test.

14. When the Plaintiff asked why he had to submit to the blood pressure test, he was told "they were concerned." Plaintiff was then told that he could not return to work until a doctor released him back to work, although he had been placed out of work by the doctor based on his disability.

15. The Plaintiff complained of the discrimination to the Human Resources Manager, Claire Wessinger, and the Vice President of Human Resources, Michael Arnold. Plaintiff was then retaliated against for his complaints when he was suspended without cause on May 11, 2023.

16. On or about May 17, 2023, the Plaintiff was constructively discharged from employment, for his complaints of discrimination, report of controlled substance, and suspension.

17. At all times prior to and at the time of the incident, Plaintiff acted in a prudent and reasonable manner and in no way contributed to her termination.

18. Plaintiff has suffered permanent medical disabilities. Plaintiff continues to suffer from medical conditions through the present time. Plaintiff has been an individual with a "disability" within the meaning of §3(2) of the Americans with Disabilities Act, 42 U.S.C. §12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of his major life activities and has a record of such impairment.

19. Plaintiff is a "qualified individual with a disability" as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8). More specifically, Plaintiff is an individual with a disability who, with the reasonable accommodations, can perform the essential functions of his job.

20. The Plaintiff asserts that the reasons given for his termination and loss of employee benefits were a mere pretext for the discrimination against Plaintiff based on his disability and age.

21. As a direct and proximate result of Defendant's discrimination on the basis of disability, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

22. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Plaintiff's employment discrimination as alleged above.

23. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

24. As alleged above, Plaintiff has a medical disability. Plaintiff satisfactorily performed his essential and fundamental job functions and was an exemplary employee in all respects.

25. Plaintiff informed Defendant of his disability and required accommodations. Plaintiff requested accommodations and periodic medical leave due to his disability.

26. The acts and conduct of Defendant set forth above were against public policy and were conducted in bad faith.

27. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Defendant's retaliation as alleged above. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and pay.

28. As a direct and proximate result of the acts and practices of Defendant in the discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses.

## FOR A FIRST CAUSE OF ACTION
### Violation of Americans with Disabilities Act

29. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

30. Plaintiff is a handicapped person as defined by the Code of Laws of South Carolina, §2-7-35, as amended, and the ADA, in that he has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

31. Plaintiff is guaranteed the opportunity to maintain employment without discrimination because of his disability pursuant to the American Disabilities Act and Code of Laws of South Carolina, §43-33-530, as amended.

32. Defendant has discriminated against Plaintiff, a handicapped person, without reasonable justification as prohibited by §102 of the ADA, 42 U.S.C. §12112 and the Code of Laws of South Carolina, §43-33-350, as amended.

33. Despite being a person with a disability, the Plaintiff can perform the essential functions of his job.

34. Defendant has failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make reasonable accommodations for employment.

35. Based on Plaintiff's disability and request for accommodations, Defendant retaliated against the Plaintiff in his employment, in violation of the Act.

36. Due to the acts of the Defendant, its agents and employees, Plaintiff is entitled to, back wages, plus interest, payment for lost past and future benefits, front pay, mental anguish, emotional distress, payment of medical bills, payment of damages, attorney fees and costs.

### FOR A SECOND CAUSE OF ACTION
### Violation of the ADA – Retaliation

37. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

38. That as alleged above, Plaintiff is a handicapped person as defined by S.C. Code §2-7-35, as amended, and the ADA, in that he has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

39. Plaintiff's requested accommodations were made in good faith and constituted protected activity under the ADA.

40. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

41. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal; was, in fact, retaliatory in nature; and was in violation of the ADA and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

42. As a result of the above, the Plaintiff has suffered damages in the form of lost back and future wages, benefits and expenses associated with finding other work; and has further suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, loss to character and reputation and physical and personal injuries.

## FOR A THIRD CAUSE OF ACTION
### Constructive Discharge

43. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

44. The Defendant's wrongful actions as set forth aforesaid were retaliatory in nature and constituted a hostile work environment for the Plaintiff.

45. That the aforesaid constructive discharge of Plaintiff's employment by the actions of the Defendant, constitutes a violation of clear mandate of public policy of the State of South Carolina as articulated in the South Carolina Human Rights Act and in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

46. As a direct and proximate result of the acts and practices of Defendant in retaliating against Plaintiff, creating a hostile work environment and in the constructive discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

## RELIEF REQUESTED

Plaintiff requests a judgment by this Court against Defendant as follows:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of action;

2. An Order that Plaintiff be awarded the back pay he would have earned, with related monetary benefits and interest thereon, had he been kept in his proper employment, attorney fees and costs of this action and all other remedies allowable by statute or otherwise;

3. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

4. An award to the Plaintiff for punitive damages in an amount to be determined at the trial of this matter;

5. An award for mental anguish, mental suffering, stress, etc., and the medial bills related to the treatment of these conditions;

6. An award of Plaintiff's attorney fees, including litigation expenses, and the costs of this action; and

7. For such other and further relief as this Court deems just and proper and allowable remedies by statute, case law or otherwise.

**WIGGER LAW FIRM, INC.**

<u>s/Matthew O. King</u>
Matthew O. King  (Fed. I.D. #13793)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
N. Charleston, SC 29406
843-553-9800

North Charleston, South Carolina
July 3, 2024