**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Jacob L. Guenther,<br><br>        Plaintiff,<br>  v.<br><br>W International SC, LLC,<br><br>        Defendant. | Case No. 2:24-cv-3847-RMG<br><br>**ORDER AND OPINION** |

Before the Court is the Report & Recommendation ("R&R") of the Magistrate Judge recommending that Defendant's Partial Motion to Dismiss (Dkt. No. 6) be granted in part and denied in part. (Dkt. No. 11). Defendant filed objections to the R&R (Dkt. No. 18), and Plaintiff replied (Dkt. No. 19). For the reasons set forth below, the Court adopts the R&R as the Order of the Court.

**I.    Background**

Plaintiff's claims arise from his employment as a Welder at W International SC, LLC, where he alleges he was subjected to disability discrimination based upon disparate treatment, failure to engage in the interactive process and failure to accommodate in violation of the Americans with Disabilities Act ("ADA") and S.C. Code. Ann. § 43-33-350, retaliation based on his requests for accommodation and reports of discrimination in violation of the ADA and Title VII of the Civil Rights Act of 1964 ("Title VII") and constructive discharge in violation of Title VII and the South Carolina Human Affairs Law, S.C. Code Ann. § 1-13-10 *et seq.* ("SCHAL"). (Dkt. No. 1). Defendant moves to dismiss all of Plaintiff's claims aside from his claim of retaliation based upon his reports of discrimination. (Dkt. No. 6). Plaintiff concedes to the dismissal of his discrimination claims based upon failure to accommodate and failure to engage in

1

the interactive process and his retaliation claim based upon his requests for accommodation. (Dkt. No. 7 at 3, 7). Because Plaintiff did not make any argument regarding his disability discrimination claims under S.C. Code Ann. § 43-33-350 in response to Defendant's motion, the Magistrate Judge recommends dismissal of this claim. (Dkt. No. 11 at 5). The Magistrate Judge also recommends dismissal of Plaintiff's constructive discharge claims based upon Plaintiff's failure to exhaust such claims in his Equal Employment Opportunity Commission ("EEOC") complaint and failure to plausibly allege such a claim in his complaint. (*Id.* at 8-11). Defendant does not object to these recommendations, such that this Court reviews this part of the R&R only for clear error.

As to Plaintiff's disability discrimination claim based on disparate treatment, the Magistrate Judge recommends that Defendant's motion be denied. (*Id.* at 6). Defendant objects to the survival of this claim and maintains that only Plaintiff's claim of retaliation based upon his reports of discrimination should move forward. The Court reviews the portion of the R&R concerning Plaintiff's discrimination claim based on disparate treatment *de novo*.

II.     **Legal Standard**

A.  **Review of R&R**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that

"in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of specific objections ... this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

## B. Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 1980). However, while the

3

Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Discussion

W International objects to the Magistrate Judge's recommended denial of its motion to dismiss Plaintiff's claim of disability discrimination due to disparate treatment on the basis that the R&R "misconstrues Plaintiff's factual allegations by discounting his assertions that plainly negate any relationship between his disability and suspension, and therefore applies a lower pleading standard than the one required to assert a 'but for' causal connection between his disability and the suspension." (Dkt. No. 18 at 2). To assert a disability discrimination claim, a plaintiff must show that "(1) that []he has a disability, (2) that []he is a 'qualified individual' for the employment in question, and (3) that [his] employer discharged [him] (or took other adverse employment action) because of [his] disability." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 572 (4th Cir. 2015) (quotation omitted). Defendant's objection concerns the third element of this test—whether Defendant took an adverse action against Plaintiff "*because of* [his] disability." *Id.* (emphasis added).

4

Per Defendant, Plaintiff's allegation that he was discriminated against due to his disability is conclusory and speculative, and thus fails to allege a plausible claim of "but-for" discrimination sufficient to overcome dismissal. (Dkt. No. 18 at 3). Defendant explains that "[t]he plain language of Plaintiff's Complaint suggests that 'but for' his report of a co-worker's drug use at work, Defendant would not have suspended him" which is "contrary to the necessary 'but-for' relationship between a discriminatory adverse action and the purported disability to assert a disability discrimination claim." (*Id.* at 5). Defendant compares Plaintiff's claim to the case of *Dimaano v. Va. Ctr. For Behav. Rehab.*, where the district court dismissed a diabetic plaintiff's wrongful discharge disability claim because the court "would be required to 'speculate' to 'fill in the gaps' regarding [his supervisor's] motive to discharge him." (*Id.* at 4) (quoting *Dimaano v. Va. Ctr. For Behav. Rehab.*, No. 3:23-CV-312, 2024 WL 3823795, at *10 (E.D. Va. Aug. 13, 2024)). The court finds this comparison inapposite. In *Dimaano*, the plaintiff worked the evening and night shift at a behavioral rehabilitation facility. He twice complained to his employer that he was unable to administer his insulin injections due to untimely relief from his night shift post. *Id.* at *3-4. Months later, he was terminated from his position due to allegedly engaging in inappropriate communications with a former resident of the rehabilitation center. *Id.* at *6-7. The court reasoned that the allegations in plaintiff's complaint suggested nondiscriminatory reasons for his discharge and failed to plausibly allege that his disability was the "but-for" cause of his termination. *Id.* at *8.

By contrast, Plaintiff here directly ties the alleged adverse employment action against him—his suspension from work pending the results of his blood pressure test—to his disability—high blood pressure. (Dkt. No. 1 at 2). This Court agrees with the Magistrate Judge that, construing

Plaintiff's allegations in the light most favorable to him, he has met his burden to overcome dismissal at this stage, and adopts the R&R as the Order of the Court. (Dkt. No. 11).

## IV.     Conclusion

In light of the foregoing, Defendant's Partial Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff's claims are dismissed with the exception of his claims of disability discrimination based on disparate treatment in violation of the ADA and retaliation based on his reports of discrimination in violation of Title VII.

**AND IT IS SO ORDERED.**

                                                 s/Richard M. Gergel
Richard Mark Gergel
United States District Judge

October 15, 2024
Charleston, South Carolina